IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROBERT MILES, Inmate #K-67019,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 04-623-WDS |
| | ) | |
| **GEORGE PULLIAN, MIKE SANDERS,** | ) | |
| **EDDIE, JACKIE MILLER, and ROGER** | ) | |
| **E. WALKER, JR.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Plaintiff, currently an inmate in the Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he was not required to pay an initial partial filing fee.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

In October 2003, Defendant Pullian brought inmate Harris to move into a cell with Plaintiff. Plaintiff advised Pullian that he and Harris had a disagreement, and therefore they should not be housed together. Based on statements Plaintiff made to Pullian, Plaintiff received a disciplinary ticket for making threats against Harris. He was subsequently found guilty, and he was punished with 60 days in segregation, four months demotion to C-grade, and the revocation of three months of good conduct credit. He filed grievances over this matter, but those grievances were denied.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). In this case, Plaintiff makes no allegations that he was denied any of these procedural protections.

Furthermore, the Supreme Court has held that due process requires that the findings of the disciplinary tribunal must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Hill*, 459 U.S. at 455-56.

In this case, Plaintiff does not dispute the conversation with Pullian. Rather, he claims that Pullian misunderstood Plaintiff's concerns, construing them as threats against Harris instead of expressions of concern for the safety of both inmates. This argument does not implicate the validity of the disciplinary proceeding. Therefore, the Court finds that Plaintiff suffered no violation of his constitutional rights.[1]

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: July 13, 2005**

*s/ WILLIAM D. STIEHL*
**DISTRICT JUDGE**

---

[1] Usually, a claim involving the revocation of good conduct credit should be pursued under habeas corpus. 28 U.S.C. § 2254. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994); *Clayton-EL v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996). However, it is clear that no procedural due process violation occurred in this situation, regardless of the resulting punishment. Therefore, requiring Plaintiff to refile his claim under habeas corpus would be an exercise in futility and a waste of judicial resources.